# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL D. FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2101 JCH |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as barred by the doctrine of res judicata.

## Background

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A

case can be dismissed under 28 U.S.C. § 1915(e) even if the action is barred by an affirmative defense. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff, Mitchell D. Fields, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. for retaliation.[1] Plaintiff also appears to be alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. for alleged disability discrimination and retaliation. Named as the defendant in this action is his former employer, United Parcel Service, Inc. ("UPS").

Specifically, plaintiff alleges that he was employed by UPS for almost thirty (30) years until he was terminated in 2009. Plaintiff claims that he was subjected to retaliation by UPS after he filed a lawsuit against the Company in 2002 for allegedly denying him medical treatment after he suffered a workplace injury. Plaintiff states that from November of 2009 until his termination, UPS took

---

[1] The Court presumes that plaintiff is filing his claims pursuant to federal question jurisdiction, under 28 U.S.C. § 1331, as he has brought this matter in federal Court and has not indicated that he is bringing his claims pursuant to diversity jurisdiction under 28 U.S.C. § 1332. Title VII plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 989 (8th Cir.2011); see also, Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir.2003) (failure to exhaust administrative remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim). Plaintiff should attach a copy of his Notice of Right to sue from the Equal Employment Opportunity Commission ("EEOC") to his response to show cause.

adverse actions against him and subjected him to retaliatory discipline and disability discrimination in relation to his diabetes. Plaintiff asserts that UPS eventually terminated his employment in retaliation for exercising his rights under Title VII.

**Procedural History**

The instant action is at least the third lawsuit plaintiff has filed against his prior employer in this Court. On January 11, 2002, plaintiff filed a civil complaint against UPS alleging violations of race discrimination under Title VII. See Fields v. UPS, 4:02CV61 JCH (E.D. Mo.). As noted above, in his lawsuit, plaintiff asserted that UPS had discriminated against him on May 2, 2000, by failing to give him prompt medical treatment following an injury on the job, and by asking that he take a drug test prior to receiving medical treatment. Summary judgment was granted for UPS in that case, and plaintiff's claims were dismissed with prejudice. Id. at Doc. #36 and #37. Judgment was affirmed on appeal. See Fields v. UPS, No. 03-2290 (8th Cir. 2004).

On March 30, 2011, plaintiff filed a second action against UPS, in a case startling similar to the one at hand. See Fields v. UPS, 4:11CV581 CDP (E.D. Mo). In that case, plaintiff alleged employment discrimination on the basis of his disability and retaliation, both in violation of the Missouri Human Rights Act

("MHRA"), Mo.Rev.Stat. § 213.010, et seq. His complaint alleged that UPS discriminated against him on the basis of his disability, caused by diabetes and high blood pressure, by terminating him for making excessive stops,[2] which he claimed were necessary because of his medical conditions. Plaintiff further alleged that his termination from UPS was based in part on his filing of a discrimination charge (and the resultant lawsuit) against UPS in 2000.

The Honorable Catherine D. Perry granted UPS' motion for summary judgment and dismissed plaintiff's claims with prejudice. Id. at Doc. #27 and #28. Judgment was affirmed on appeal. See Fields v. UPS, No. 12-3827 (8th Cir. 2013).

**Discussion**

The principle behind the doctrine of res judicata is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir.1982) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." Friez v. First Am. Bank & Trust of Minot, 324 F.3d 580, 581 (8th

---

[2]Plaintiff worked for UPS as a tractor trailer, or "feeder," driver.

Cir.2003) (citing Hartsel Springs Ranch v. Bluegreen Corp., 296 F.3d 982, 986 (10th Cir.2002)).

Under Eighth Circuit law, in order for a claim to be precluded under the doctrine of res judicata due to a determination reached in a prior lawsuit, the following five elements must be satisfied: "1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must [ (5) ] have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." Rutherford v. Kessel, 560 F.3d 874, 877 (8th Cir.2009) (citations omitted).

The doctrine of res judicata appears to apply in this case. The Honorable Catherine D. Perry entered a judgment, on the merits, in the 2011 lawsuit plaintiff brought against UPS alleging disability discrimination and retaliation. In the earlier case, the Court granted judgment to UPS, as a matter of law, after discovery had been completed and the parties had submitted summary judgment memoranda.

The Court believes that each of the five factors necessary for res judicata to apply have been met in this case. The parties are the same in both cases and both suits are based upon the same claims. Under res judicata, a party's claim is barred

"if it arises out of the same nucleus of operative facts as the prior claim ." Banks v. Int'l Union Electronic, Elec., Technical, Salaried and Machine Workers, 390 F.3d 1049, 1052 (8th Cir.2004).

The factual allegations contained in plaintiff's state law MHRA claims before Judge Perry mirror the factual allegations contained in his current complaint containing his federal law claims. The only discernible difference between the two pleadings is that plaintiff brought his state claims pursuant to the MHRA, while he brings the instant complaint pursuant to the ADA and Title VII. This is of no comport. Since this Court is one of competent jurisdiction, the prior action was dismissed with prejudice and was a final judgment on the merits, and the current case involves the same facts, the same parties, and the same issues (or issues that could have been raised in his prior action), res judicata precludes plaintiff's current action. See, e.g., Misischia v. St. John's Mercy Health Systems, 457 F.3d 800, 804 (8th Cir. 2006) ("a prior judgment bars a subsequent claim arising out of the same group of operative facts even though additional or different evidence or legal theories might be advanced to support the subsequent claim"); see also Baker v. Bradley, 2007 WL 465626,*3, No. 4:06CV200 RWS (E.D. Mo. Feb. 8, 2007).

Finally, both parties have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect. Rutherford, 560 F.3d at 877.

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed, as barred by the doctrine of res judicata. Plaintiff's failure to respond to this Memorandum and Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this case should not be dismissed as barred by the doctrine of res judicata.

**IT IS FURTHER ORDERED** that plaintiff shall attach to his response to show cause a copy of his Notice of Right to Sue from the EEOC.

Dated this 25th day of November, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE